THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION


FILED
DEPUTY CLERK

| | | |
|---|---|---|
| ANDREW GARCIA, | § | |
| Petitioner, | § | |
| v. | § | SA-02-CA-470 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |
| | § | |

## ORDER GRANTING PETITIONER'S PETITION
## FOR WRIT OF HABEAS CORPUS

Having granted Petitioner's Motion for Reconsideration, the Court has reviewed the record, including Respondent's Supplemental Answer and Petitioner's Response. After carefully considering the facts and applicable law, the Court is of the opinion that the Petition for a Writ of Habeas Corpus (Docket No. 1) should be GRANTED. The Court rules that Petitioner's convictions be REVERSED and the case REMANDED to the trial court for a new trial.

A few words at the outset will place Petitioner's case in the proper context. He and his twin brother were co-defendants in the underlying action. They both were found guilty in a joint trial of aggravated sexual assault, aggravated robbery, and aggravated kidnaping.[1] Petitioner was sentenced to 60 years in prison, and his brother was sentenced to 75 years in prison. The twin brother's conviction was overturned because of an unconstitutional jury

---

[1] Petitioner was found guilty of one count of aggravated sexual assault, while his brother, Alejandro, was found guilty of two counts of aggravated sexual assault.

R:\Kapur\Civil\Garcia v. Dretke\habeas reconsidered.wpd - Page 1



instruction, which was the subject of an objection and of an appeal by the twin brother's attorney. Inexplicably, Petitioner's attorney not only failed to object to the instruction at trial but also failed to raise the issue on appeal. Thus, while Petitioner's co-defendant twin brother received a new trial because of a defective instruction, Petitioner has been denied a new trial despite being subjected to the exact same instruction. For the reasons stated below, the Court concludes that Petitioner should be given the exact same treatment as his brother.

## BACKGROUND

Petitioner Andrew Garcia challenges his state conviction and sentence by filing a Petition for a Writ of Habeas Corpus. On November 5, 2003, this Court found that Garcia's petition was barred by limitation and entered a Memorandum Decision denying Petitioner's Habeas Petition and dismissing the case. On January 29, 2004, the Court granted Petitioner's Motion for Reconsideration, ruling that the statute of limitations should be tolled and that the case should be heard on its merits. Respondent then filed a Supplemental Answer, and Petitioner filed a Response.

Petitioner Garcia's claim arises from a 1999 conviction in Bexar County of aggravated sexual assault, aggravated robbery, and aggravated kidnaping.[2] The conviction was affirmed on appeal to the Texas Fourth Court of Appeals.[3] On June 29, 2001, Petitioner filed an application for a writ of habeas corpus in the 175th Judicial District Court of Texas,

---

[2] *State v. Garcia*, No. 1999-CR-3375B (175th Tex. Jud. Dist. Ct., jmt. entered Nov. 10, 1999).

[3] *Garcia v. State*, No. 4-99-832-CR (Tex. 4th Ct. App. – San Antonio).

Bexar County.[4] Judge Mary Roman did not conduct an evidentiary hearing and issued findings of fact and conclusions of law recommending that Petitioner's application be granted and the case be remanded to the trial court for retrial. Petitioner's application was forwarded to the Texas Court of Criminal Appeals, and the court denied the application without comment.[5] Petitioner Garcia filed his federal petition on May 15, 2002. He contends that the trial court gave a jury instruction that identified him as a co-defendant's accomplice as a matter of law in violation of his due process rights under the Fourteenth Amendment. In addition, Petitioner contends that his trial and appeal counsel were ineffective because he failed to raise this issue.

Andrew Garcia and his co-defendant, Alejandro Garcia, his identical twin brother, were tried in a joint trial. After the presentation of all the evidence, the trial judge prepared jury instructions for Petitioner and co-defendant. Included in the jury instructions for each was an "accomplice witness" instruction, identifying the other brother as an accomplice witness. Counsel for Alejandro Garcia objected to the instruction, as did the State, because neither defendant had been called by the state to testify. Andrew Garcia's attorney did not object, but instead requested and argued for the instruction.

On appeal, Alejandro Garcia's attorney raised the issue of the "accomplice witness" jury instruction. Alejandro argued that the trial court erred by giving the jurors in Andrew's case the accomplice-witness instruction that described Alejandro as an "accomplice." Citing

---

[4] *Ex parte Andrew Garcia*, No. 1999-CR-3375B-W1.

[5] *Ex parte Andrew Garcia*, No. 50,317-01.

*Selman v. State*,[6] the court of appeals determined that because Alejandro was a witness for the defense and had not been called by the State, for purposes of the jury charge given in the trial of Andrew, Alejandro's testimony did not constitute accomplice-witness testimony. The court of appeals determined, "[T]he instruction in Andrew's charge amounted to a statement to the jury that if they found Andrew committed an offense, then Alejandro was guilty because he would then be an accomplice."[7] The court of appeals proceeded to reverse the conviction of Alejandro and remanded the case for a new trial.

Petitioner's attorney, the same one as during trial, did not raise the issue of the "accomplice witness" instruction on appeal. Andrew Garcia was denied relief and his conviction and sentence of 60 years were affirmed.[8] Petitioner then filed an Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the instant court.

## STANDARD OF REVIEW

28 U.S.C. § 2254(d) stipulates that, "an application for a writ of habeas corpus on behalf of a person in custody pursuant to judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved in an

---

[6] 807 S.W.2d 310 (Tex. Crim. App. 1991).

[7] *Ex parte Andrew Garcia*, No. 04-99-00897-CR, 3-4 (4th Ct. of Appeals 2000)(unpublished).

[8] *See* Pet.'s App. Habeas Corpus, at 9; Garcia was sentenced to three concurrent terms of 60 years, 35 years, and 20 years. *Id.* at 2.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Based on Fifth Circuit case law concerning federal habeas corpus proceedings, the Court finds that the denial of petitioner's state habeas corpus application without comment by the Texas Court of Criminal Appeals was a substantive adjudication on the merits within meaning of 28 U.S.C. § 2254(d).[9] The Court also finds that 28 U.S.C. § 2254(d)(2) is inapplicable to this matter because the Texas Court of Criminal Appeals did not make a determination of the facts of the case. 28 U.S.C. § 2254(d)(1) thus remains the only applicable basis for Petitioner's claim. Accordingly, Petitioner's application should be granted if the action by the Court of Criminal Appeals resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

The U.S. Supreme Court has recognized that "clearly established Federal law" under § 2254(d)(1) "is the governing legal principles set forth by the Supreme Court at the time the state court renders its decision."[10] According to Supreme Court precedent interpreting § 2254(d)(1), a state court decision is "contrary to [the U.S. Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set

---

[9] See *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000), *cert. denied*, 531 U.S. 849, 121 S.Ct. 122 (2000); see *Jackson v. Johnson*, 194 F.3d 641, 651 (5th Cir. 1999), *cert. denied*, 529 U.S. 1027, 120 S.Ct. 1437 (2000); see *Barrientes v. Johnson*, 221 F.3d 741, 779-80 (5th Cir. 2000).

[10] *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003).

forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the U.S. Supreme Court] and nevertheless arrives at a result different from our precedent."[11] Under the "unreasonable application" clause, the Supreme Court has held, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[12] "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of clearly established law must be objectively unreasonable."[13]

## DISCUSSION

Petitioner offers three grounds for habeas corpus relief: (1) his conviction was obtained pursuant to a constitutionally prohibited instruction submitted to the jury by the trial court in his co-defendant's case, identifying Petitioner as an accomplice as a matter of law, in violation of the due process clause of the Fourteenth Amendment; (2) trial counsel rendered ineffective assistance to Petitioner at trial, in violation of the Sixth and Fourteenth Amendments; and (3) trial counsel rendered ineffective assistance to Petitioner on appeal, in violation of the Fourteenth Amendment.

With regard to Petitioner's first ground for relief, Petitioner contends that the trial

---

[11] *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000); *Lockyer*, 538 U.S. at 73.

[12] *Williams*, 529 U.S. at 413; *Lockyer* at 75.

[13] *Lockyer* at 75.

court negated his presumption of innocence by providing in a jury instruction a conclusive mandatory presumption that lowered the State's burden of guilt below proof beyond a reasonable doubt. Petitioner contends that the Texas Court of Criminal Appeals' denial of Petitioner's application for a writ of habeas corpus under those circumstances was contrary to clearly established federal law interpreting the Due Process Clause of the Fourteenth Amendment, as determined by the Supreme Court.

Petitioner argues that the Court of Criminal Appeals' decision violated clearly established federal law determined by the Supreme Court as set forth in *Sandstrom v. Montana*,[14] *Connecticut v. Johnson*,[15] *Francis v. Franklin*,[16] and *Carella v. California*.[17] In *Sandstrom*, the Supreme Court found a jury instruction unconstitutional because the jury, which was instructed that the law presumes a person intends the ordinary consequences of his voluntary acts, may have interpreted the presumption as conclusive or as shifting the burden of persuasion, and because either interpretation would have violated the Fourteenth Amendment's requirement that the state prove every element of a case beyond a reasonable doubt.[18] The Court concluded, "Upon finding proof of one element of the crime (causing death), and of facts insufficient to establish the second (the voluntariness and 'ordinary

---

[14] 442 U.S. 510 (1979).

[15] 460 U.S. 73 (1983).

[16] 471 U.S. 307 (1985).

[17] 491 U.S. 263 (1989).

[18] 442 U.S. at 510, 513.

consequences' of defendant's action), Sandstrom's jurors could reasonably have concluded that they were directed to find against defendant on the element of intent. The State thus was not forced to prove 'beyond a reasonable doubt . . . every fact necessary to constitute the crime . . . charged,' and defendant was deprived of his constitutional rights as explicated in *Winship*."[19]

In *Johnson*, the jury instruction at issue described intent as

a question of fact that is solely within your province as jurors. However, you should be aware of a rule of law that will be helpful to you and that is that a person's intention may be inferred from his conduct and every person is conclusively presumed to intend the natural and necessary consequences of his acts.

The U.S. Supreme Court affirmed the Supreme Court of Connecticut ruling that the charge was unconstitutional. Applying *Sandstrom*, the Supreme Court of Connecticut found jurors "reasonably could have interpreted the court's charge as a conclusive presumption on the issue of intent. Such an interpretation would have led them to ignore the evidence in finding that the State had proved respondent guilty beyond a reasonable doubt. For example, the jury conclusively could have presumed that respondent intended to kill the victim once it found that the natural consequence of his acts was to cause the victim's death."[20] According to the Court, "the jury thus would have failed to consider whether there was any evidence

---

[19] *Sandstrom* at 524, referring to the Court's decision in *In re Winship*, which the Court stated provided the appropriate mode of constitutional analysis for these kinds of presumptions. *Id.* at 519. In *Winship*, the Court stated: "Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. 358, 364 (1970).

[20] *Johnson* at 84-5.

tending to cast doubt on this element of the crime of attempted murder."[21] The Supreme Court held out the possibility of rare situations in which the reviewing court can be confident that a *Sandstrom* error was harmless and did not play a role in the jury's verdict, such as instances in which "the erroneous instruction was given in connection with an offense for which the defendant was acquitted and if the instruction had no bearing on the offense for which he was convicted."[22]

In *Francis*, the Court again reviewed the judge's instructions concerning the issue of intent. The trial judge instructed the jurors as follows:

> The acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted. A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but the presumption may be rebutted. A person will not be presumed to act with criminal intention but the trier of facts . . . may find criminal intention upon a consideration of the words, conduct, demeanor, motive and all of the circumstances connected with the act for which the accused is prosecuted.[23]

The U.S. Supreme Court upheld the determination of the Court of Appeals that the instruction on intent violated the Fourteenth Amendment due process guarantees because it could have been interpreted by a reasonable juror as a mandatory presumption that shifted to respondent a burden of persuasion on the intent element of the offense. The U.S. Supreme Court reviewed the language in isolation and in the context of the overall charge.

---

[21] *Id.* at 85.

[22] *Id.* at 87.

[23] *Francis*, 471 U.S. at 311.

Finally, in *Carella*, Defendant was convicted by a jury of grand theft after he failed to return a rented car. During trial, the court instructed the jury first that a person "shall be presumed to have embezzled" a vehicle if it is not returned within 5 days of the expiration of the rental agreement; and second that "'intent to commit theft by fraud is presumed' from failure to return rented property within 20 days of demand."[24] The Supreme Court reversed and remanded the conviction due to these jury instructions. In finding that the instructions violated the Fourteenth Amendment, the Court stated that the "mandatory directions directly foreclosed independent jury consideration of whether the facts proved established certain elements of the offenses with which Carella was charged. The instructions also relieved the State of its burden of proof articulated in *Winship*, namely proving by evidence every essential element of Carella's crime beyond a reasonable doubt."[25]

Petitioner argues that his conviction occurred pursuant to jury instructions that violated clearly established federal law as determined by the U.S. Supreme Court in the four cases discussed above. Petitioner contends that his due-process rights were violated when the trial court gave a jury instruction in connection with the case of his co-defendant brother, Alejandro, in which Petitioner Andrew Garcia was identified as an accomplice. At trial, Petitioner and his co-defendant testified voluntarily and provided conflicting testimony concerning Petitioner's role in the events alleged. Neither Petitioner nor his co-defendant were called as witnesses by the State. Nevertheless, the trial court prepared jury charges for

---

[24] *Carella*, 491 U.S. at 265.

[25] *Id.* at 266.

each defendant and included "accomplice witness" instructions identifying the other co-defendant as an accomplice witness. The instruction presented for Petitioner's co-defendant stated:

> You are instructed that an accomplice witness, as that term is hereinafter used, means any person connected with the crime charged, as a party thereto, and includes all persons who are connected with the crime, as such parties, by unlawful act or omission on their part transpiring either before or during the time of the commission of the offense and whether or not they were present and participated in the commission of the crime.
>
> You are instructed that a conviction cannot be had upon the testimony of an accomplice witness unless the jury first believes that the accomplice witness' testimony is true and that it shows the defendant is guilty of the offense charged against him, and even then you cannot convict unless the accomplice witness' testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission.
>
> The witness, Andrew Garcia, is an accomplice, if an offense was committed, and you cannot convict the defendant upon his testimony unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon such testimony unless you further believe that there is other testimony in the case, outside of the evidence of the said Andrew Garcia tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him.

Petitioner argues that the instruction constituted a mandatory conclusive presumption that violated his Due Process rights because it specifically directed the jury that if they decided an offense had been committed, then they should find that the Court had determined Petitioner was an accomplice in that offense.

According to Petitioner, a reasonable juror would have understood the instruction to

require them to find the Petitioner guilty of the offense once the juror had found the predicate fact that an offense had been committed.  In deciding the guilt or innocence of the two defendants, the jury first may have decided that an offense had been committed, and then the jury may have followed the court's charge and found itself instructed by the court that it was required to find Petitioner an accomplice to the offense.  Because the Court's charge did not instruct the jury as to how Petitioner could be an accomplice and not guilty of the offense, Petitioner contends that the jury was instructed to find Petitioner guilty without considering the evidence in his case. Petitioner maintains that as a consequence, the instruction eliminated the state's burden of proving Petitioner's guilt.

In response to the merits of Petitioner's arguments, Respondent Dretke contends that the instruction did not violate Petitioner's Due Process rights because it did not establish a mandatory presumption that relieved the State of its burden of proving an essential element of the crime charged.  Respondent contends that the instruction that stated Petitioner was an accomplice did not address any essential element of any of the charged offenses of aggravated sexual assault,[26] aggravated robbery,[27] and aggravated kidnaping.[28]

In addition, Respondent contends that Petitioner Andrew Garcia effectively had admitted at trial to being an accomplice because he admitted that he was connected with and had participated in the offense.  Respondent, however, admits that Petitioner testified that he

---

[26] *See* TEX. PEN. CODE. § 22.021(a)(1)(A)(ii) & (2)(A)(ii), (iv) (West 2004).

[27] *See* TEX. PEN. CODE. § 29.03 (West 2004).

[28] *See* TEX. PEN. CODE. § 20.04 (West 2004).

participated under duress and threat of death by his brother, Alejandro.

 Finally, Respondent contends that any constitutional error which may have occurred was harmless. Respondent maintains that read in the context of the entire charge, the instruction at issue did not relieve the State of its constitutional burden and did not taint the entire trial with unfairness. Moreover, Respondent argues that the evidence was so overwhelming that the error could not have been a contributing factor in the jury's decision to convict. According to Respondent, Petitioner admitted that he performed the acts alleged and only maintains that he acted under duress. Because the evidence was uncontroverted that Petitioner performed the acts, the jurors only had to disbelieve his duress defense to find him guilty.

 This Court finds that the U.S. Supreme Court's clearly established precedent set forth in the four cases cited by Petitioner stand for the rule that a jury instruction stated by the trial court may not provide a mandatory presumption that relieves or lowers the burden on the State to prove beyond a reasonable doubt every essential fact to constitute the crime charged. The *Carella* decision drew from the prior three cases referenced by Petitioner and clearly established that, "The Due Process Clause of the Fourteenth Amendment denies States the power to deprive the accused of liberty unless the prosecution proves beyond a reasonable doubt every element of the charged offense."[29] Directions that relieve States of this burden violate a defendant's due process rights, "subvert the presumption of innocence accorded to accused persons and also invade the truth-finding task assigned solely to juries in criminal

---

[29] *Carella* at 265.

cases."[30]

The accomplice witness instruction at issue in this matter created a mandatory presumption that Petitioner was an accomplice as a matter of law and thereby was connected with the crime by unlawful acts or omissions. The *Carella* decision explained that a jury instruction creates a mandatory presumption if, "both alone and in the context of the overall charge, [it] could have been understood by reasonable jurors to require them to find the presumed fact if the State proves certain predicate facts."[31] The jury was conclusively instructed that if they found an offense had been committed, then they had to find that Petitioner was an accomplice in that offense. This direction was not explained elsewhere in the jury charge to be merely permissive, and the jury was not allowed to determine Petitioner's role in the alleged offense. These instructions relieved the State of its burden of proving by evidence Petitioner's guilt in the alleged offense beyond a reasonable doubt.

The Court's ruling that Petitioner's Due Process rights were violated finds support from other judicial determinations on this matter. The trial court's findings of fact and conclusions of law issued in response to Petitioner's post-conviction writ of habeas corpus application recommended that the application be granted. The trial court concluded that the jury instruction was "an improper comment by court on the evidence concerning Andrew." Similarly, with regard to the same jury instruction given for Petitioner's brother, Alejandro Garcia, the Texas Fourth Court of Appeals ruled on direct appeal that the trial court erred in

---

[30] *Carella* at 265.

[31] *Id.*

submitting the accomplice witness testimony instruction to the jury and remanded the case for a new trial. Although these judicial determinations were made on State law grounds and are not binding on this Court, this Court takes note of their rulings.

In addition to finding that Petitioner's Due Process rights were violated, the Court holds that the egregiousness of error by trial and appellate counsel is sufficient to satisfy the cause and prejudice exception to procedural default. Petitioner procedurally defaulted on his claim concerning the jury instruction error by failing to raise it on direct review. Trial counsel argued for the instruction and the same attorney failed to raise any error related to this issue on direct appeal. Nonetheless, the Court allows the claim in this habeas petition because Petitioner has demonstrated cause and actual prejudice.[32] The Fifth Circuit has held that ineffective assistance of counsel may constitute cause.[33]

The U.S. Supreme Court has set forth a two-prong test to establish ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[34]

"To demonstrate that counsel was ineffective, a petitioner must establish that counsel's

---

[32] *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

[33] *Tucker v. Johnson*, 242 F.3d 617, 627 (5th Cir. 2001); *Ellis v. Lynaugh*, 883 F.2d 363, 367 (5th Cir. 1989).

[34] *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000).

representation fell below an objective standard of reasonableness. To show prejudice, he must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different."[35]

Petitioner argued for ineffective assistance of counsel as an independent constitutional claim to Texas Courts on collateral review, but the claim was denied. Having been presented in earlier proceedings, Petitioner's argument for a finding of ineffective assistance of counsel enjoys procedural standing to establish cause for procedural default. Upon review of the record, the Court finds that counsel's trial representation was ineffective because the attorney argued for and failed to object to the unconstitutional instruction. Moreover, the Court holds that counsel's errors were prejudicial and serious enough to deprive Petitioner of a fair trial because the improper jury instruction relieved the State of proving Petitioner's guilt beyond a reasonable doubt. Accordingly, the Court rules that trial counsel rendered ineffective assistance to Petitioner at trial and that Petitioner has demonstrated cause and actual prejudice to sustain his habeas claim despite its procedural defects.

## CONCLUSION

The Court holds that Petitioner's conviction was obtained pursuant to a constitutionally prohibited jury instruction that identified Petitioner as an accomplice as a matter of law. The jury instruction violated the Due Process Clause of the Fourteenth

---

[35] *Tucker*, 242 F.3d at 621-22.

Amendment, and the Texas Court of Criminal Appeals' denial of petitioner's application for a writ of habeas corpus was contrary to clearly established federal law, as established by the U.S. Supreme Court.

It is therefore ORDERED that Petitioner's petition for a Writ of Habeas Corpus be GRANTED (Docket No. 1). It is further ORDERED that Petitioner's convictions be REVERSED and the case REMANDED to the trial court for a new trial within 120 days of this Order.

It is so ORDERED.

Signed this 9th day of February, 2005.

_____
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE